UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| BAILEY KAY BROWN | Plaintiff |
| v. | Lead Civil Action No. 3:25-cv-242-RGJ |
| BIG M ON DIXIE, LLC | Defendant |

\*\*\*

| | |
|---|---|
| BAILEY KAY BROWN | Plaintiff |
| v. | Member Civil Action No. 3:25-cv-349-RGJ |
| BIG M CHEVROLET, LLC<br>MICHAEL COFFMAN<br>JUSTIN COLLINS<br>TREY RUSSELL<br>GAVIN BAXLEY<br>JESSICA DUNN | Defendants |

\* \* \* \* \*

## ORDER OF CONSOLIDATION, ADMINISTRATIVE DISMISSAL,
## AND ORDERING ARBITRATION

This matter came before the Court on the Defendant's Motion to Consolidate [DE 11] and Motion to Compel Arbitration and Stay [DE 12] filed in this action. Defendant filed the same motions in the related action, 3:25-cv-349. [DE 5, DE 6]. Plaintiff agrees to consolidation and arbitration in both cases. [DE 20, Notice-242 case, DE 19, Notice-349 case]. Based on the briefing and the record as a whole, the Court finds the motions to be well taken and orders consolidation for all purposes under Fed. R. Civ. P. 42(a) and administrative dismissal as set forth below. The Court orders arbitration and stay of this case through the conclusion of that arbitration.

1

## I. CONSOLIDATION

The Federal Rules of Civil Procedure provide that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).  The Court has broad discretion in deciding whether to consolidate. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)).  The Court may issue an order of consolidation on its own motion or by request of the parties. *Id.* (citing *In re Air Crash Disaster at Detroit Metro. Airport*, 737 F. Supp. 391, 394 (E.D. Mich. 1989)).

Here, the parties agree that consolidation is appropriate because the actions arise out of related transactions involving Plaintiff's replacement of her vehicle through Big M Chevrolet, involve the common and sometimes identical issues of law and fact, and request similar relief. [DE 11-1 at 49-53, DE 20-Notice, 242-case, DE 5 at 43-47, 242-case; DE 19-Notice, 349-case]. Because the actions assert similar same claims arising from the same set of facts, the Court agrees that consolidation serves the interest of judicial economy and will mitigate the risk of inconsistent adjudications.  There is also little risk that consolidation will cause prejudice or confusion. *See Kentucky ex rel. Educ. & Workforce Dev. Cabinet Ky. Office for the Blind v. U.S. ex rel. Panetta*, No. 5:12-CV-00132-TBR, 2014 WL 7385140, at *2 (W.D. Ky. Dec. 29, 2014) ("The Court must consider whether the risk of prejudice and confusion outweighs the risk of inconsistent adjudication of the common issues, the burden on the parties, the location of the witnesses, available judicial resources, the length of time necessary to litigate multiple suits, and the relative

expense to all concerned." (citing *Cantrell*, 999 F.2d at 1011)). Having thus weighed these factors and considered the parties' interests, the Court finds that consolidation is proper.

## II.     ARBITRATION

Plaintiff and Defendant entered into a mutual arbitration agreement, which Plaintiff signed on May 28, 2024 as part of a retail installment contract and security agreement. *See* [DE 12-1 at 61 in 242-case, DE 12-2 at 69-70, Arbitration Agreement in 242-case, *see also* DE 6-1 Arbitration Agreement, 349-case]. Under the agreement, the parties waived their right to trial or hearing before a court or jury and agreed to submit all issues or disputes arising from or relating to their transaction to arbitration. [DE 12-2 at 69-70, 242-case]. Plaintiff agrees that she is contractually bound to resolve her claims through arbitration. [DE 20, Notice-242 case, DE 19, Notice-349 case].

Because Plaintiff's claims are subject to arbitration, the Court must decide whether to dismiss or stay the case. The FAA contemplates a stay of proceedings in federal court when sought by a party, rather than dismissal of the action, until the arbitration has occurred in accordance with the terms of the agreement. *See* 9 U.S.C. § 3. Yet the FAA *only* requires a court to stay proceedings pending arbitration "on application of one of the parties." *Hilton v. Midland Funding, LLC*, 687 F. App'x 515, 519 (6th Cir. 2017) (citing 9 U.S.C. § 3). Once requested, the FAA's command that a district court "shall on application of one of the parties stay the trial of the action" conveys a mandatory obligation. *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941 (6th Cir. 2021). In her notice, Plaintiff requests the court stay these cases pending the resolution of arbitration. [DE 20, Notice-242 case, DE 19, Notice-349 case]. Defendant likewise requests the case(s) be stayed. [DE 12, 242-case, DE 6, 349-case]. Courts in the Sixth Circuit treat a request to stay to compel arbitration as a mandatory obligation even when the request is made in the alternate to a motion to dismiss. *Finchum v. Spring Commc'ns Holding, Inc.*, No. 3:19-CV-348, 2019 WL

3

3531797, at *3 (M.D. Tenn. Aug. 2, 2019). Since the mutual arbitration agreement is binding and the parties request a stay, the Court *must* grant a stay pending arbitration.

### III. CONCLUSION

Accordingly, for the reasons stated, **IT IS ORDERED as follows:**

(1) Pursuant to Fed. R. Civ. P. 42(a) the above-referenced case, 3:25-cv-00349-RGJ, is consolidated in the Senior Action of 3:25-cv-00242-RGJ for all purposes. The lead action will be 3:25-cv-00242-RGJ. The Court will now Administratively **DISMISS** the member civil action of 3:25-cv-00349-RGJ, and all pleadings already filed will now be considered as a part of the lead action.

(2) Counsel are directed to use the above-styled case heading and file all further pleadings in the lead action.

(3) The Clerk of Court shall add the parties into the lead action, along with counsel of record, and add the member case in the docket text.

(4) Defendant's Motions to Compel Arbitration [DE 12, 242-case; DE 6, 349-case] are **GRANTED**.

(6) The parties shall file a written notice in the record notifying the Court when the arbitration is commenced. This notice shall be filed **within 10 days of commencing arbitration**.

(8) This case is **STAYED** pending arbitration. The parties shall file a joint status report on **December 19, 2025**, and every **90 days thereafter** advising the Court of the status of arbitration. When arbitration resolves, the parties shall file a written notice in the record **within 20 days**.

(8) Plaintiff's Motion to Remand [DE 8, 349-case] is voluntarily withdrawn [DE 19, Notice, 349-case] and thus **DENIED as Moot**.

4

Rebecca Grady Jennings, District Judge
United States District Court

September 19, 2025

Copies to: Counsel

5